UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BOLDING, et al., | Case No. 2:16-cv-00617-RFB-CWH |
| Plaintiffs, | |
| v. | |
| NAV-LVH CASINO, LLC, et al., | REPORT & RECOMMENDATION |
| Defendants. | |

Before the Court is the Motion to Sever Plaintiff Melvin Shipman's Claim into a Separate Action (ECF No. 27), filed August 10, 2016, by Defendants NAV-LVH Casino dba Westgate Las Vegas Resort & Casino, Westgate Las Vegas Resort, LLC, Westgate Resorts, Inc. (Defendants). Plaintiff Melvin Shipman filed a response (ECF No. 29) on August 27, 2016.

**BACKGROUND**

The five Plaintiffs are employees of Westgate, and have filed a complaint alleging that they were terminated because of their age.[1] Mr. Shipman was a bartender in the Food and Beverage Department, and was terminated on August 1, 2014. The remaining four Plaintiffs worked in the Security Department and were terminated during the period April 10, 2015 and June 18, 2015. Food and Beverage and Security are separate Departments, and are managed by different supervisors. Westgate denies the allegations of discrimination, and further alleges that each termination was justified, although for different reasons. Defendants move to sever Mr. Shipman's claim because his joinder as a Plaintiff is improper and prejudicial.

**DISCUSSION**

**A.    Legal Standard for Joinder and Misjoinder**

Rule 20(a)(1) of the Federal Rules of Civil Procedure provides that "[p]ersons may be joined

---

[1] Plaintiff Donna Ehlert also alleges she was terminated because she is disabled.

1

in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all plaintiffs will arise in the action." Rule 21 further provides that on motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

In order for joinder to be proper under Rule 20(a), both requirements of the rule must be satisfied. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir.1977); *citing Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir.1974).

**B.     Same Transaction or Occurrence**

The Ninth Circuit has interpreted the phrase "the same transaction, occurrence, or series of transactions or occurrences" to require "a degree of factual commonality underlying the claims," which typically means that a plaintiff "must assert rights ... that arise from related activities." *WiAV Networks, LLC v. 3Com Corp.*, 2010 WL 3895047, at *1 (N.D.Cal.Oct.1, 2010) (*citing Coughlin*, 130 F.3d at1350)). The Westgate Defendants argue that the employment terminations occurred at much different times and involve different justifications, work settings and supervisors, and therefore do not arise out of the same transaction or occurrence. Moreover, they argue that joinder involves a substantial risk of prejudice because Mr. Shipman's claim might appear to be among a "parade of plaintiffs" each stating that Westgate terminated them because of their age. Mr. Shipman argues that the transaction that gave rise to his claim was the hotel's decision, after a change in ownership, to terminate all plaintiffs because of their age. The burden is on the party seeking aggregation to show common issues of law or fact; the burden is not on the party opposing aggregation to show divergences. *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001). Here, the Court agrees with Defendants that Mr. Shipman has failed to meet his burden to show that the circumstances leading up to his termination share factual commonality with the other Plaintiffs.

Workplace rules are undoubtedly different between Food and Beverage and the Security Departments, and there do not appear to be any common witnesses.  Supervisory personnel, employment history, and the timing of the termination in relation to the change of ownership are completely different.  Although it is true that all of the claims share a common question of law, that is, whether each Plaintiffs' age was the reason for termination, the underlying facts and circumstances are quite  different.  The result of joinder of claims in this case is to require the presentation and consideration by the jury of (at least) two entirely different fact patterns, will be much less manageable than a single Plaintiff's claims, and will likely lead to confusion rather than judicial efficiency.  Plaintiff therefore fails to satisfy Rule 20's requirement of factual commonality.  Accordingly, the Court finds joinder improper.

      Mr. Shipman's case is severed, and is dismissed without prejudice, leaving the remaining Plaintiffs to proceed in this case.  Mr. Shipman may refile his claims *nunc pro tunc*, so they will relate back to the time of the filing of this original complaint to avoid the effect of this order resulting in violations of statutes of limitations. This will assure that no substantial right will be prejudiced by the severance. *Coughlin*, 130 F.3d at 1351; Fed. R. Civ. P. 21.  Mr. Shipman's case should be assigned a new case number and proceed separately.  Mr. Shipman is ordered to pay a filing fee for the newly opened case at the time he files the new complaint, and to attach a copy of this Order as an exhibit to the new complaint.

//
//
//
//
//
//
//
//
//

3

**RECOMMENDATION**

IT IS HEREBY ORDERED that the Westgate's Motion to Sever Shipman (ECF No. 27) is GRANTED. Mr. Shipman's case is dismissed without prejudice.

IT IS FURTHER ORDERED that if Plaintiff wishes to proceed against any Defendant, he must file a new and separate action, consistent with this order, on or before November 30, 2016.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 25, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

4