1  PHILLIP A. SILVESTRI
   Nevada Bar No. 11276
2  GREENSPOON MARDER, P.A.
3  3993 Howard Hughes Pkwy, #400
   Las Vegas, NV 89169
4  Telephone: (702)978-4249
   Facsimile: (954)433-4256
5  Phillip.Silvestri@gmlaw.com

6
   RICHARD W. EPSTEIN
7  MYRNA L. MAYSONET
   (Admitted Pro Hac Vice)
8  GREENSPOON MARDER, P.A.
9  201 East Pine St., Suite 500
   Orlando, Florida  32801
10 Telephone: (407) 425-6559
   Facsimile: (407) 422-6583
11 richard.epstein@gmlaw.com
12 myrna.maysonet@gmlaw.com
   Attorneys for Defendant
13

14            UNITED STATES DISTRICT COURT
                 DISTRICT OF NEVADA
15

16 CHARLES BOLDING; DONNA EHLERT;        **Case No.: 2:16-cv-00617- RFB-CWH**
   WAYNE HARRIS; and TONI VARAY,
17

18          Plaintiffs,                   **[PROPOSED] STIPULATION FOR
                                           EXTENSION OF TIME FOR
19 vs.                                        DISCOVERY
                                           (FIFTH  REQUEST)**
20
   NAV-LVH CASINO, LLC dba WESTGATE
21 LAS VEGAS RESORT & CASINO, a Nevada,
   Limited Liability Company; WESTGATE LAS
22 VEGAS RESORT, LLC, a Delaware Limited
   Liability Company; WESTGATE RESORTS,
23 INC., a Florida Corporation,
24
            Defendants.
25
         Pursuant to Local Civil Rule 6-1(a), Defendant NAV-LVH, LLC dba Westgate Las Vegas
26
   Resort & Casino ("NAV-LVH" or Defendant) and Plaintiffs CHARLES BOLDING, DONNA
27
   EHLERT, WAYNE HARRIS, and TONI VARAY ("Ms. Varay") (collectively the "Plaintiffs"),
28
   by and through their respective counsel of record, hereby stipulate as follows:

                                          1

32209492.1

## **Relevant Procedural Posture and Facts**

1.     On or about October 18, 2017, this Court granted the parties' fourth request for an extension of the discovery deadline based, in part, on the pending Motion to Substitute Party dealing with a representative for Plaintiff Tony Very who died in 2016.

2.     Plaintiff's Motion to Substitute Party was denied without prejudice on November 30, 2017.  It is Defendant's position that this matter has been concluded as any other Motion would be untimely.  Plaintiff disagrees and is exploring options.  The discovery that has been propounded regarding Ms. Varay is still outstanding[1] and based on the Court's Order there is no one at this time authorized to act on her behalf.

3.     Currently, the discovery deadline is February 5, 2017.  This request is timely as it has been filed more than 21 days from the discovery deadline as required by the Rules.  This request is not the result of undue delay.  Neither of the parties will be harmed by an extension and both represent that such request is needed in the interest of justice.

4.     As required by Rule 26-4 of the Local Rules of Practice for the United States District Court for the District of Nevada ("Local Rules"), this fifth request for an extension of the discovery deadline is fully supported by "good cause" as discussed below.

**(a) A statement specifying the discovery completed**.

To date, the parties have exchanged initial Rule 26 disclosures as well as written discovery.  Since the last request discovery two key depositions were taken in December 2017, in addition to the three current Plaintiffs.[2]  Due to the amount of Plaintiffs in this case (four including Ms. Varay) the deposition of Tim Cook, the Security Director, was continued and will proceed in

---

[1] Defendant propounded discovery tailored specifically to Varay, *i.e.* request for production and interrogatories, on November 14, 2016 and March 16, 2017.  They are still outstanding.  However, some financial information has been provided. Defendant has not been able to conduct any substantive discovery on Ms. Varay for age under the Age Discrimination in Employment Act (ADEA) and disability discrimination under the Americans with Disability Act (ADA).

[2] A third deposition in December, 2017 was canceled by Plaintiff.

32209492.1

February, 2017.[3]  The deposition of Ms. Beatrice Vattima, the former Labor Relations Manager, involved in this case and in another matter pending in this Court has been delayed because she moved to California and while she was amenable to appear for deposition while in Nevada that is no longer the case.  The parties are working with her to find a suitable time to depose her in this matter and another age discrimination case to minimize the impact and disruption to this witness.

During the deposition of Tim Cook in December, 2017, counsel stated that he wanted to take the deposition of another three (3) employees.  Defendant has agreed to produce those who are still working but the parties have been having problems locating another witness which more than likely has left the state.  Because of some testimony in Mr. Cook's deposition this witness has become very relevant.

Defendant propounded additional written discovery to Plaintiffs which remains outstanding.  Likewise, the parties are trying to resolve various pending discovery disputes and they are hopeful that with the extension, it can be fully resolved or in the alternative, to narrow the scope of what will need to be presented to the Court.  In the past, the parties have worked diligent to resolve issues without Court involvement.

Further, counsel for both parties have other cases before this Court, which involve overlapping witnesses to some extent and, thus, the attorneys for both parties are coordinating the scheduling of the depositions in such cases to minimize the burden on the witnesses and travel for out-of-state counsel.

Lastly, and perhaps more importantly, counsel are engaged in settlement talks that would benefit from this extension as the parties would not be forced to spent significant time and money

---

[3] The deposition of Joe Barnes took place on December 5, 2017 and the deposition of Damien Descant was scheduled for December 5, 2017, but was cancelled by Plaintiffs' counsel on the

32209492.1

in particular as it relates to out of state witnesses.

Counsel for the parties as always are working cooperatively to complete discovery; however, additional time is necessary as described above.

**(b) The parties have Good Cause to extend the deadline.**

As discussed above, the parties have continued to litigate this case diligently despite some of the logistical hurdles presented by Ms. Varay's death. Unfortunately, some witnesses have move out of state creating the need for an extension. Lastly, as a sufficient amount of discovery has occurred the parties are in a better position to engage in meaningful settlement discussions. The parties through their counsel have agreed to attempt to negotiate a settlement within the next 30 days. The parties would request a stay of the discovery during this time to avoid incurring further costs that may impact settlement discussions, including travel costs associated with a mediation.

WHEREAS, the parties stipulate to a ninety (90) day extension of time, after the 30 days stay, up to and including, June 6, 2018 to conduct Discovery, and further stipulate to an extension of time for the remaining effected deadlines as follows:

| Activity | Former Date | Requested Date |
|---|---|---|
| Discovery Cut-Off Date | 02/05/18 | 06/06/18[4] |
| Dispositive Motions | 03/12/18 | 07/11/18 |
| Pretrial Order | 04/09/18 | 08/09/18[5] |

WHEREAS this Stipulation is not being filed for purposes of delay, but rather for good cause based on the reasons set forth above.

WHEREAS, this Stipulation constitutes the parties' fifth request for an extension of time to conduct discovery, and this Stipulation is being filed more than twenty-one (21) days from the current discovery deadline as required by Local Rule 26-4.

---

morning of the deposition. The deposition of Tim Cook took place on December 6, 2017, but was not concluded.

[4] With a 30 day stay included.

32209492.1

WHEREAS, the parties understand that, pursuant to Local Rule 26-4, any further extension must be made at least twenty-one (21) days before the deadline at issue.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that the parties will complete discovery in the instant case by June 6, 2018, and that the remaining deadlines shall also be extended as provided above.

DATED this February 12, 2018.

Law Offices of Michael P. Balaban

Greenspoon Marder LLP

*/s/ Michael P. Balaban*

*/s/ Myrna L. Maysonet*

Michael P. Balaban, Esq.
Nevada Bar No. 9370
Law Offices of Michael P. Balaban
10726 Del Rudini Street
Las Vegas, NV 89141
Tel:    (702)586-2964
Fax:    (702)586-3023

Attorneys for Plaintiffs

MYRNA L. MAYSONET
Florida Bar No.: 0429650
CHERISH A BENEDICT
Florida Bar No. 99073
201 East Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
Facsimile: (407) 422-6583
myrna.maysonet@gmlaw.com
cherish.benedict@gmlaw.com
lorraine.kyser@gmlaw.com
Attorneys for Defendant

Phillip A. Silvestri, Esq.
Nevada Bar No. 11276
GREENSPOON MARDER
3993 Howard Hughes Pkwy., Ste. 400
Las Vegas, Nevada 89169
Tel:    (702)978-4249
Fax:    (954)333-4256
phillip.silvestri@gmlaw.com

Attorneys for Defendant

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

DATED:  January 16, 2018

---

[5] Or 30 days after the decision on the last dispositive motion.

5

32209492.1